Henry HOUGHTON, Petitioner,
Appellant,

v.

Lynn BISSONNETTE, Respondent,
Appellee.

No. 00–1599.

United States Court of Appeals,
First Circuit.

March 30, 2001.

**30**

Henry Houghton, on brief, pro se.

Thomas F. Reilly, Attorney General, and Thomas W. Dee, Assistant Attorney General, on brief, for respondent.

Before LIPEZ, Circuit Judge, LEVIN H. CAMPBELL and CYR, Senior Circuit Judges.

PER CURIAM.

Pro se state inmate Henry Houghton appeals from the district court's dismissal of his habeas petition under U.S.C. § 2254 as untimely. Finding no error in the court's ruling, we affirm.

On appeal, Houghton acknowledges, as a starting premise, that the limitations period applicable in his case expired on April 24, 1997. He filed his habeas petition over two years later, on May 21, 1999. He contends, however, that the limitations period should be equitably tolled and that the state prevented him from timely filing his habeas claims. He suggests that the limitations period under 28 U.S.C. § 2244(d)(1)(B) should apply.[1] Under that provision, the limitations period begins to run on the "date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

Houghton asserts that one of his appellate attorneys, Gary Schubert, who was appointed by the Committee for Public Counsel Services ("CPCS"), failed to give him documents which he allegedly needed in order to file his habeas claims, and that the Board of Bar Overseers ("BBO") failed to promptly process his complaint against Schubert and to order the production of those documents. He also contends that Schubert and successor CPCS—appointed counsel, James Couture, failed to follow up on evidence they had which allegedly was probative of his innocence.

█ Schubert's failure to give Houghton the documents he sought and the BBO's failure to act promptly on his complaint against Schubert did not prevent Houghton from filing habeas claims asserting his innocence by April 24, 1997. On January 20, 1998, Houghton filed a new trial motion in state court which asserted those very claims, despite the fact that Schubert had not given him those documents and despite the fact that the BBO had not yet resolved his complaint. The very same motion could have been filed at any time before April 24, 1997. Accordingly, there is no basis for tolling the limitations period or applying the limitations period in § 2244(d)(1)(B).

█ The other claims against Schubert and Couture were perfunctorily raised. Accordingly, we consider them to be waived. *See United States v. Derman*, 211 F.3d 175, 183 (1st Cir.2000) (declining to address claim deemed waived due to perfunctory appellate briefing).

*Affirmed.*

█

---

1. Houghton also suggests that 28 U.S.C. § 2244(d)(1)(D) might apply because he had "newly discovered evidence" of his innocence. As the record shows, however, he had obtained the documents he submitted in support of his January 20, 1998 new trial motion in state court by 1987, well before expiration of the limitations period.